UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMBER DAWN BLACK, and BRANDON BLACK, individually and as next friends of B.B., a minor,<br>    Plaintiffs,<br><br>v.<br><br>TOYS R US, INC., and BUMBO LTD.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§  C.A. NO. H-8-3315<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Transfer of Defendant Toys "R" Us-Delaware, Inc. ("Toys R Us") (Doc. No. 7.) After considering the parties' filings and the applicable law, the Court finds that the Motion should be denied.

### I.    BACKGROUND

This case is a products liability action arising out of six-month-old B.B.'s[1] injuries when she allegedly fell out of a Bumbo baby seat produced by the South African company, Bumbo Ltd. ("Bumbo"),[2] and fell off a counter onto the floor. Plaintiff Amber Black, B.B.'s mother, was pregnant with twins at the time of the injury and three days afterwards went into preterm labor and lost the twins, allegedly due to the emotional stress of witnessing a horrific injury to her child. (Pl. Compl. ¶ 34.)

B.B.'s mother, with B.B.'s father, Plaintiff Brandon Black, purchased the Bumbo Seat at a Babies R Us store in Raleigh, North Carolina. (Pl. Compl. ¶ 9.) The accident occurred in Discovery Bay, California, and B.B. was treated in Brentwood, California. (Amber Black Decl., Doc. No. 19, at ¶ 2.) The Blacks now live in Raleigh, North

---

[1] Pursuant to FED. R. CIV. P. 5.2(a)(3), the Court will use the minor's initials.
[2] Defendant Bumbo has not yet been served.

1

Carolina. (*Id.* at ¶ 3.) Plaintiffs bring claims of strict products liability and negligent infliction of emotional distress against Bumbo and Toys "R" Us-Delaware, Inc. ("Toys R Us"); negligence and negligent misrepresentation against Bumbo; and negligent failure to warn against Toys R Us. Plaintiffs seek compensatory damages for B.B.'s injuries and the mental anguish of Amber Black. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## II. MOTION TO TRANSFER

### A. Standard

Toys R Us asks the Court to transfer the case to the Eastern District of North Carolina, Western Division, under 28 U.S.C. § 1404(a). Plaintiffs oppose the transfer. Under § 1404(a), a correctly filed case may be transferred to another proper venue "[f]or the convenience of parties and witnesses, in the interest of justice." Toys R US no longer disputes that venue is proper in the Southern District of Texas; and neither party contests that venue is proper in the Eastern District of North Carolina, because Plaintiffs purchased the Bumbo seat there. 28 U.S.C. § 1391(a)(2). The Court must now decide whether "the interest of justice" requires the case to be transferred to the Eastern District of North Carolina.

Toys R Us, as the movant under Section 1404(a), bears the burden of establishing the propriety of the transfer. *In re: Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc). The movant must "show good cause." *Id.* (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, 321 F.2d 53, 56 (5th Cir. 1963)). Good cause means that "a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties

and witnesses, in the interest of justice.' Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315 (distinguishing the heavier burden under of the *forum non conveniens* standard where the movant must show that the factors "substantially outweigh" the plaintiff's choice of venue). A plaintiff's choice of forum is not an independent factor in the § 1404(a) analysis, but it is taken into account because it places a significant burden on the movant to show good cause for the transfer. *Id.* at 315 n. 10 (explaining that "our analysis directly manifests the importance that we must give to the plaintiff's choice"). A plaintiff's choice of forum is given more deference when she has chosen her home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

The Supreme Court set forth private and public factors to be weighed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), and reaffirmed them in *Piper*, 454 U.S. 235 (1981). The Fifth Circuit adopted the *forum non conveniens* factors for the § 1404(a) context. *Humble Oil*, 321 F.2d at 56; *In re Volkswagen*, 545 F.3d at 314 n. 9. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 314 (citing *Piper Aircraft*, 454 U.S. at 241 n. 6). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

### B. Analysis

#### 1. Private factors

The private *Gulf Oil* factors relate generally to the practical aspects of litigation – cost, and location of evidence and witnesses. Toys R Us asks to transfer the case to the Eastern District of North Carolina because Plaintiffs purchased the Bumbo seat at a store there, Plaintiffs reside there, and the case has no connection to the Southern District of Texas. Further, it asserts that Plaintiffs' doctors reside in California. It contends that the only factor in favor of the Southern District is Plaintiffs' choice of forum. Plaintiffs respond that all of the private and public interest factors weigh against transfer or are neutral.

As to factors one and three, some of the probable witnesses will have to travel more than 100 miles regardless of whether the Court keeps the case or transfers it to North Carolina.[3] The Toys R Us witnesses from the store in North Carolina are closer to that venue, although Toys R Us has not identified anyone from the store as probable witnesses. In addition, Plaintiffs live in North Carolina. On the other hand, B.B. was injured in California, and she and her mother were treated there; therefore, some of the documents relevant to case are likely in California. The site of the accident is more than 100 miles from either the Southern District of Texas or the Eastern District of North Carolina. Plaintiffs' doctors are in California, and litigating in either North Carolina or Texas might deprive Plaintiffs of live testimony. Both Defendants are incorporated more than 100 miles from either venue (Toys R Us is a Delaware corporation and Bumbo is a South African corporation). While modern technology reduces the burden of out-of-state

---

[3] The Fifth Circuit appears to have moved away from requiring affidavits to provide the content of a witness's likely testimony when evaluating which witnesses are likely to testify for purposes of motions to transfer venue or *forum non conveniens*. *See In re Volkswagen*, 545 F.3d at 316 n. 12.

evidence, the burden remains. *In re Volkswagen*, at 316. Toys R Us has not established that these two factors demonstrate that North Carolina is clearly more convenient.

As to element two, non-party witnesses are outside the Eastern District of North Carolina's subpoena power. FED. R. CIV. P. 45(c)(3)(A)(ii). Trial subpoenas for Plaintiffs' doctors, the only non-party witnesses thus far identified, are subject to motions to quash in either venue. FED. R. CIV. P. 45 (c)(3)(B)(ii) (allowing a motion to quash for a witness who would incur substantial expense to travel more than 100 miles to appear). Thus, Toys R Us has not established that North Carolina is clearly more convenient for purposes of compulsory process.

As to element four, Toys R Us argues that neither party has undertaken any discovery and transfer would not cause any delay to the case. Plaintiffs note that there is one other case pending before the Southern District of Texas involving a very similar incident (at a recent Motion Hearing, Plaintiffs claimed that there are now two). Neither party has established that this factor weighs in favor or against transfer.

### 2. Public factors

The public factors set forth in *Gulf Oil* and *Piper* are, again: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Piper*, 454 U.S. at 241 n. 6.

Toys R Us party argues that court congestion militates in favor of North Carolina because it has fewer cases filed in total. Plaintiffs respond that the Southern District of Texas has more judges to handle the higher caseload. The Court notes the congestion

5

statistics filed by Toys R Us, but finds the statistics inconclusive,[4] and holds that the congestion factor weighs neither for nor against transfer.

In addition, Toys R Us contends that it would be unfair to burden the citizens of Texas with a lawsuit based on events that took place in other states. Plaintiffs respond that the Bumbo baby seat is sold nationwide, including in the Southern District of Texas. The Court finds this particular argument unavailing. *See In re Volkswagen*, 545 F.3d at 318. The Court agrees that North Carolina has an interest in a case involving a North Carolina resident, based on a product purchased in North Carolina. This factor weighs in favor of transfer to North Carolina.

As both parties agree, the Court has no reason to suspect that either forum has a superior ability to interpret the law applicable in a case that is purportedly governed by California law or that the case will involve difficult questions of state law. The Court finds that the public factors do not indicate that North Carolina is clearly more convenient. Where, as here, Toys R Us has not met its burden of proving that the factors demonstrate that its perferred venue is clearly more convenient, the Court must respect Plaintiffs' choice of venue, even though it is not their home forum, and deny discretionary transfer to North Carolina. 28 U.S.C. § 1404(a).

### III.　CONCLUSION

Defendant's Motion to Transfer is **DENIED.**

**IT IS SO ORDERED.**

---

[4] The median time interval in months for total cases is shorter in the Southern District of Texas than in the Eastern District of North Carolina (7.6 months compared to 11.4 months). The median time interval in months before the pretrial conference for the Southern District of Texas is also shorter than in the Eastern District of North Carolina. (7.2 months compared to 12 months). However, other statistics regarding the time it takes for a case to go to trial are missing from the Eastern District of North Carolina. (Doc. No. 7. Ex. A.)

SIGNED at Houston, Texas, on this the 21st day of April, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**