UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMBER DAWN BLACK and BRANDON BLACK, individually and as next friends of B.BLACK, a minor, § § § § | | |
| Plaintiffs, § | | |
| v. § | CIVIL ACTION NO. 4:08-cv-3315 | |
| § | | |
| TOYS R US- DELAWARE, INC., BUMBO LTD., and BRIGHT IDEAS MANUFACTURING, INC., § § § § § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

Before this Court is Plaintiffs' Motion to Quash and for a Protective Order (Doc. No. 66). After considering the relevant authorities and conducting an *in camera* inspection of the medical records submitted under seal by Plaintiffs, this Courts holds that Plaintiffs' Motion should be denied and that the records are discoverable in their entirety.

I. BACKGROUND

This lawsuit arises out of an accident in which Plaintiffs' infant daughter fell out of a product known as a Bumbo Baby Sitter ("Bumbo Seat"). Plaintiffs allege that the infant fell out of the Bumbo Seat and onto the hard tile floor and suffered serious head injury. The infant's mother, Amber Black, witnessed the accident and, according to Plaintiffs, suffered emotional distress. Three days later, Amber Black went into premature labor in her then twenty-week pregnancy, and tragically her twin babies did not survive. According to Plaintiffs' medical expert, Amber Black's preterm labor and the subsequent death of her twins was a result of the mental stress and anxiety caused from seeing her baby fall out of the Bumbo Seat.

1

Defendant Toys R Us-Delaware, Inc. issued subpoenas to several of Amber Black's medical providers, including Anna Skinner ("Skinner"), a licensed psychotherapist. Plaintiffs moved to quash this subpoena and sought a protective order prohibiting the disclosure of information related to Amber Black's communications with Skinner. In the alternative, Plaintiffs sought an *in camera* inspection of the records to determine if all or part of the records were subject to disclosure. At the hearing held on November 10, this Court agreed to conduct an *in camera* inspection of the records to determine whether they are entirely or partly discoverable.

## II.  LEGAL STANDARD

Under Federal Rule of Evidence 501, with respect to a claim "as to which State law supplies the rule of decision," privileged evidence "shall be determined in accordance with State law." Because this case comes before this Court on the basis of diversity of citizenship of the parties, Texas law supplies the rule of decision. Therefore, Texas privilege law is applied to determine the admissibility of evidence. Under Texas Rule of Evidence 510 "[c]communication between a patient and a professional is confidential and shall not be disclosed in civil cases." However, this rule does not apply "as to a communication or records relevant to an issue of the physical, mental or emotional condition of a patient in any proceeding in which any party relies upon the condition as a part of the party's claim or defense." TEX. R. EVID. 510(d)(5). Defendants argue that, in seeking damages for anxiety and emotional distress, Plaintiffs put Amber Black's mental state directly at issue, thereby rendering her communications with her therapist discoverable.

To the extent that the exception to the patient-psychotherapist privilege applies, "the court must ensure that the production of documents ordered, if any, is no broader than necessary, considering the competing interests at stake." *R.K. v. Ramirez*, 887 S.W.2d 836, 843 (Tex. 1994). Therefore, even if a condition is "part" of a party's claim or defense, patient records should be revealed only to the extent necessary to provide relevant evidence relating to the condition alleged. Thus, courts should be sure that the request for records and the records disclosed are "closely related in time and scope" to the claims made "so as to avoid any unnecessary incursion into private affairs." *Id.* According to the Court in *Ramirez*, "relevance alone cannot be the test [for disclosure of medical records], because such a test would ignore the fundamental purpose of evidentiary privileges, which is to preclude discovery and admission of relevant evidence under prescribed circumstances." *Id.* at 842. Thus, in conducting its *in camera* inspection, this Court was tasked with determining the extent to which the medical records filed under seal are closely related to Plaintiffs' claims such that they fall outside the Texas patient-psychotherapist privilege.

### III. *IN CAMERA* REVIEW

After conducting an *in camera* review of Skinner's records from her appointments with Amber Black, this Court finds that the documents are discoverable in their entirety. Because the records reveal much information as to the history and degree of Amber Black's anxiety, and also illuminate possible causes of such anxiety, this Court finds that the information is closely related to the claim made by Plaintiffs that Amber Black's anxiety and emotional distress were caused by seeing her child fall.

3

The Court does recognize and regret any intrusion this may create into the personal affairs of Amber Black and her husband. As such, this Court alternatively invites Plaintiffs to amend their Complaint such that the mental state of Amber Black is no longer at issue in this case, and these documents are thereby no longer discoverable. Absent such an amendment, however, this Court does find that Defendants are entitled to the records concerning Amber Black's communications with Skinner.

## IV. CONCLUSION

Plaintiffs' Motion to Quash and for a Protective Order is hereby **DENIED**. Plaintiffs are invited to file an amended Complaint in which Amber's Black mental state is no longer at issue within five days of entry of this Order.

**IT IS SO ORDERED.**

**SIGNED** this 17th day of November, 2009.

                                              KEITH P. ELLISON
                                              UNITED STATES DISTRICT JUDGE